No. 20,876.

FREEDOM TOWNSHIP, in Republic County, *Plaintiff*, v. HENRY DOUGLAS, as County Clerk, etc., et al., *Defendants*.

### SYLLABUS BY THE COURT.

1. TAXATION—*Property of Insurance Company—Situs for Taxation—Power of Legislature.* It is competent for the legislature to fix the situs of property for the purposes of taxation and it was within its power to provide that the moneys, notes and other property in the hands of the treasurer of a mutual fire insurance company shall be listed for taxation where he resides, and that all other property of the company shall be listed where the secretary of the company resides.

2. SAME — *Listing Insurance Company's Property — Statute Constitutional.* Chapter 276 of the Laws of 1905, which is amendatory of chapter 132 of the Laws of 1885, is not repugnant to sections 16 and 17 of article 2 of the state constitution, nor is it violative of the constitutional limitation which requires a uniform and equal rate of assessment and taxation.

Original proceeding in mandamus. Opinion filed November 11, 1916. Judgment in part for plaintiff and in part for defendants.

*L. A. Hasty,* of Belleville, *F. W. Mahin,* and *I. M. Mahin,* both of Smith Center, for the plaintiff.

*H. H. Van Natta, R. E. McTaggart,* and *W. D. Vance,* all of Belleville, for the defendants.

The opinion of the court was delivered by

JOHNSTON, C. J.: The situs of notes, bonds and mortgages for purposes of taxation is the question involved in this case.

The Republic County Mutual Fire Insurance Company has its principal office and place of business in Belleville, Republic county, and it does business in Republic and adjacent counties. The secretary of the company is in charge of its office, has the custody of its notes, bonds and mortgages, and a part of his duties is to collect all moneys due the company, including the principal and interest accruing on the notes, bonds and mortgages and to pay the same over to the treasurer of the company. The investments of the surplus funds of the com-

pany are made by the executive board, and its orders are drawn upon the treasurer, who keeps an account of the moneys received and disbursed by him; and the book in which his accounts are kept is placed in the custody of the secretary in Belleville for safe-keeping. The secretary resides in the city of Belleville, while the treasurer resides in Freedom township, which is a part of Republic county.

On March 1, 1916, the treasurer had $9470 of the money of the company which he had placed on deposit in a bank of Belleville. At the same time the company had $36,100 in value, in notes and mortgages, which were in the hands of the secretary in Belleville, and he also had possession of $400 worth of office furniture and fixtures. The assessor of Belleville listed the notes and mortgages and also the furniture and fixtures mentioned for taxation in the city. The assessor of Freedom township listed in his township not only the cash which was in the hands of the treasurer but also the notes and mortgages of the company held by the secretary. Later the county clerk concluded that all the property of the company, including the cash, was taxable at Belleville and so entered them on the tax roll.

Is the situs of the company's property for the purposes of taxation in Belleville, where its principal office is maintained, or is the property, or some part of it, to be assessed in Freedom township? It is entirely competent for the legislature, except as limited by the constitution, to fix the situs of property, tangible and intangible, for the purposes of taxation. (37 Cyc. 947.) In the absence of specific legislation, debts evidenced by notes and mortgages are ordinarily taxed at the domicile of the owner. There are general provisions of the statute on the subject of taxation to the effect that incorporated companies, except such as are specifically provided for by statute, are required to list, by their agents, their stock at the places where their principal offices are kept. (Gen. Stat. 1909, § 9229.) A provision of the tax law which was enacted in 1876 and amended in 1891, relating mainly to the taxation of the stocks of banks and investment companies, provides that that act shall apply to mutual fire and life insurance companies. (Gen. Stat. 1909, § 9298.) But for the enactment of

12—99 KAN.

a later statute, which specifically provides for the listing and assessment of property of mutual fire insurance companies, the earlier provisions would apply to the property in question. In 1905 the legislature amended chapter 132 of the Laws of 1885, and the statute as amended provides for the organization of mutual fire insurance companies, the kinds of property they may insure, the investment of their surplus funds, the duties of the officers and the control of their property, and among other things it provides:

"The treasurer and secretary shall each give bonds to the company for the faithful performance of their duties in such amount as shall be prescribed by the board of directors, and all moneys, notes or other property belonging to such company and in the hands of the treasurer shall be listed by him for taxation in the county, township and school district in which he resides, and all other property belonging to the company shall be listed by the secretary in the county, township and school district in which he resides." (Laws 1905, ch. 276, § 1, Gen. Stat. 1909, § 4220.)

The obvious meaning of the section quoted is that property, including the moneys and notes of the company in the hands of the treasurer, is to be listed by him in the district where he resides, and that all property of the company not in his hands is to be listed by the secretary in the district where he resides. Here the treasurer had the custody of money to the amount of $9470, and had no other property in his hands; hence, this was properly listed in Freedom township, where he resided, and all other property of the company is to be listed in the city where the secretary resides. It is competent for the legislature to fix the situs of property for taxation where it is either actually or constructively located, and for reasons of its own the legislature chose to fix the situs of the property of the company at the residences of the officers who had actual custody of the same. In other instances the legislature has exercised this power and provided that part of the personal property of an owner shall be listed where he resides, while other personal property of his shall be listed where it is actually kept. (Gen. Stat. 1909, § 9223.) Property may have a situs as determined by common-law principles, or it may have one fixed by the legislature, and, within constitutional limits, the legislature has a free hand and may fix the situs of any property whenever it sees fit.

The provision in question, which is chapter 276 of the Laws of 1905, does not contravene the constitutional limitation which requires a uniform and equal rate of assessment and taxation. It is true the property of the company located in the city may be taxed higher than that which is listed in the township, but that is true in many cases where the property of an owner is located in more than one taxing district. Each taxing district imposes taxes for municipal purposes at a rate to meet its necessities, and a tax imposed to pay for a bridge or a public building in one may not be needed in the other, with the result that more tax will be paid on the same valuation of like property in one district than in the other. The constitutional provision invoked relates to the rate of taxation, and only requires that the rate shall be uniform and equal throughout the district in which the tax is levied. (*Comm'rs of Ottawa Co. v. Nelson*, 19 Kan. 234.) Nothing in the act in question infringes upon that limitation.

There is no ground either for the claim that it is special legislation and therefore violative of section 17 of article 2 of the constitution.

It is finally contended that the title of chapter 276 of the Laws of 1905 is not broad enough to cover its provisions; that is, the subject is not clearly expressed in the title, as required by section 16 of article 2 of the constitution. The title is:

"An Act to amend section 13 of chapter 132 of the Session Laws of 1885, relating to mutual fire insurance companies, and to repeal said section."

The act of which it is amendatory had a very general and comprehensive title; namely—

"An Act to provide for the organization and control of mutual fire insurance companies, and to repeal chapter one hundred and eleven, Laws of eighteen hundred and seventy-five."

It provides for the organization and control of mutual fire insurance companies, the duties of their officers, the control and management of their property, their relations with the policy holders and with the public, and the title of the act was broad enough to have included any of the duties of the officers, including the listing of its property for taxation. The title of the amendatory act of itself is notice that the act relates to mutual fire insurance companies, and also that it is amenda-

tory of the act of 1885, which has the comprehensive title. Titles of this kind, purporting to amend other acts, have been examined and upheld against the objection of narrowness. (*Comm'rs of Marion Co. v. Comm'rs of Harvey Co.*, 26 Kan. 181; *La Harpe v. Gas Co.*, 69 Kan. 97, 76 Pac. 448.)

It follows that the moneys in the hands of the treasurer must be listed in and entered upon the tax roll in Freedom township, while all other property of the company will be listed and entered for taxation in the city of Belleville. Judgment will accordingly be given.