PLANTERS BANK AND TRUST COMPANY v. TOWN OF LUMBERTON.

(Filed 7 April, 1920.)

**1. Taxation—Situs—Personal Property—Statutes—Legislative Powers—Courts.**

It is for the legislature to determine the *situs* of personal property for purposes of taxation, and it may provide different rules for different kinds of property, change them from time to time, and the courts may not, for considerations of expediency, disregard the legislative will.

**2. Same—Banks and Banking—Shares of Stock.**

The Machinery Act of 1919, ch. 92, changes the policy of the State as declared in ch. 234, sec. 42, Laws of 1917, as to the listing shares of bank stock by the holders where they reside, and fixing the *situs* of the shares for taxation for the purpose of county schools and municipal taxation at the residence of the owner, by omitting entirely the requirements of the Act of 1917 that the owner of the shares shall list them at the place of his residence, and by imposing this duty on the cashier of the bank, requiring him to pay the State, county, special and municipal taxes, the intent of the statute being to require the bank to pay all taxes on the shares of its stock where it is located, and to relieve the owner from listing or paying them, except as he may be required to reimburse the bank.

APPEAL by plaintiff from *Allen, J.,* at the January Term, 1920, of ROBESON.

This action was instituted upon an agreed statement of facts, to determine the right of the defendant, town of Lumberton, to levy and collect, for municipal purposes, a tax upon the shares of stock of the plaintiff banks owned by the nonresidents of the town of Lumberton, but residents of the State of North Carolina. All of the plaintiff banks have paid, under protest, to the defendant town of Lumberton the taxes assessed by said defendant against the shares of their capital stock owned by nonresidents of the town of Lumberton, but residents of the State of North Carolina, and this action is brought on the part of the plaintiff banks, and their stockholders, who are nonresidents of the town of Lumberton, but residents of the State of North Carolina, to recover the tax so paid under protest.

Judgment was rendered denying the right of the plaintiffs to recover, and they excepted and appealed.

*Johnson & Johnson, L. R. Varser, and H. E. Stacy for plaintiffs.*
*McIntyre, Lawrence & Proctor for defendant.*

ALLEN, J. The determination of the *situs* of personal property for purposes of taxation is addressed to the General Assembly, which may

provide different rules for different kinds of property, and change them from time to time, and when it has acted no consideration of expediency will authorize the courts to disregard the legislative will. *Winston v. Salem,* 131 N. C., 405.

"The capital stock of a corporation is assessable to the corporation itself at its principal place of business. But shares of such stock, considered as the property of their individual holders, are taxable to such holders at their respective places of residence, in the absence of a statute to the contrary; but the *situs* of shares of corporate stock for purposes of taxation may properly be fixed by statute at the place where the corporation is domiciled." 37 Cyc., 961.

The question, then, presented by the appeal is whether the Legislature has said that shares of stock in banking corporations, located in Lumberton, held by persons residing in North Carolina but outside of the corporate limits of Lumberton, shall be subject to taxation as other personal property in that town.

Prior to the Machinery Act of 1919, ch. 92, the policy of the State as declared in ch. 234, sec. 42, Laws 1917, required the banking institution to pay the State tax upon the shares of stock, and owners of the shares to pay the county and municipal taxes thereon, the provision as to the latter being, "The residents of this State who are shareholders in any bank, banking association, or savings institution (whether State or National) shall list the number of their respective shares in the county, city, or town, precinct, or village where they reside, for the purposes of county, school, and municipal taxation," thus fixing the *situs* of the shares for the purpose of county school and municipal taxation at the residence of the owner.

The act of 1917 was, however, changed in important particulars by ch. 92, sec. 42, Laws of 1919, the material parts of which are as follows:

"The taxes imposed for State purposes upon the shares of stock in any bank, banking association, or savings institution (whether State or National) in this State shall be paid by the cashier of such bank, banking association, or savings institution, directly to the State Treasurer. . . . Every such bank, banking association, or savings institution shall, during the month of May, list annually with the State Tax Commission, in the name of and for its shareholders, all the shares of its capital stock, whether held by residents or nonresidents, at its market value on the first day of May, or, etc. . . . The taxes so assessed upon the shares of any such bank, company, or association shall be paid by the cashier, secretary, treasurer, or proper accounting officer thereof, and in the same manner and at the same time as other taxes are required to be paid in such county, special school district, or city; in default of such payment such cashier, secretary, treasurer, or other accounting

officer, as well as such bank, company, or association shall be liable for such taxes, and, in addition, for a sum equal to ten per centum thereof. Any taxes so paid upon any such shares may, with the interest thereon, be recovered from the owners thereof by the bank, company, association, or officer paying them, or may be deducted from the dividends accruing on such shares. The taxation of shares of any such bank, banking association, or savings institution shall not be at a greater rate than is assessed upon other money capital in the hands of individual citizens of this State, whether such taxation is for State, county, school, or municipal purposes."

This last statute of 1919 is controlling in the present controversy, and while it does not in express language change the *situs* of the shares of stock from the residence of the owner to the home of the bank, this is the only reasonable inference from its provisions.

It omits entirely the requirement in the act of 1917 that the owner of the shares shall list them at the place of his residence, or at any other place, and imposes this duty on the cashier of the bank, who is required to pay the taxes, State, county, special, and municipal.

The purpose of the act is clear to require the bank to pay all taxes on the shares of stock where it is located, and to relieve the owner from listing or paying taxes thereon, except as he may be required to reimburse the bank.

Affirmed.