ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

April 9, 2008

The Honorable Don McLeroy, D.D.S.
Chair, State Board of Education
William B. Travis Building
1701 North Congress Avenue
Austin, Texas 78701-1494

Opinion No. GA-0617

Re: Constitutionality of section 51.413, Natural Resources Code, which would authorize the School Land Board to transfer proceeds from the sale of land in the permanent school fund to the available school fund   (RQ-0638-GA)

Dear Dr. McLeroy:

You ask for an opinion on several issues concerning the permanent school fund.[1]   In particular, you ask about the constitutionality of Natural Resources Code section 51.413, adopted by House Bill 3699 of the Eightieth Legislature.  Request Letter, *supra* note 1, at 1.[2]  This section would authorize the School Land Board ("SLB") to transfer proceeds from the sale of land in the permanent school fund ("PSF") to the available school fund ("ASF").  *See* TEX. NAT. RES. CODE ANN. § 51.413(1) (Vernon Supp. 2007).

Your first question is as follows:

> [W]hether the Perpetual School Fund, the Public Free School Fund and the Permanent School Fund referred to in Sections 2, 4 and 5 of Article VII of the Texas Constitution constitute a single fund.

Request Letter, *supra* note 1, at 1.

We begin by reviewing the constitutional provisions.  Article VII, section 2, which establishes the "perpetual public school fund," provides as follows:

> All funds, lands and other property heretofore set apart and appropriated for the support of public schools; all the alternate

---

[1]*See* Letter from Honorable Don McLeroy, D.D.S., Chair, State Board of Education, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Oct. 11, 2007) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]*See* Act of May 25, 2007, 80th Leg., R.S., ch. 1368, § 8, 2007 Tex. Gen. Laws 4664, 4666–67 (codified at TEX. NAT. RES. CODE ANN. § 51.413 (Vernon Supp. 2007).

> sections of land reserved by the State out of grants heretofore made or that may hereafter be made to railroads or other corporations of any nature whatsoever; one half of the public domain of the State; and all sums of money that may come to the State from the sale of any portion of the same, shall constitute a perpetual public school fund.

TEX. CONST. art. VII, § 2. Lands dedicated to the fund established by article VII, section 2, become part of the fund, and neither an error of the Land Commissioner or a legislative act may provide for a disposition of the land except as authorized by the constitution. *See Eyl v. State*, 84 S.W. 607, 611 (Tex. Civ. App.—Austin 1904, writ ref'd).

Section 5 defines the "permanent school fund" as follows:

> The permanent school fund consists of all land appropriated for public schools by this constitution or the other laws of this state, other properties belonging to the permanent school fund, and all revenue derived from the land or other properties.

TEX. CONST. art. VII, § 5(a). A report on the PSF describes the revenues that go into the PSF:

> Revenues earned by the Fund include gains realized on the sale of land and real estate owned by the Fund; lease payments, bonuses and royalty income received from oil, gas and mineral leases; commercial real estate lease revenues; surface lease and easement revenues; revenues from the resale of natural and liquid gas supplies; dividends, interest, and securities lending revenues; the net increase and or decrease in the fair market value of the investment portfolio and externally managed real estate investment funds; and, other miscellaneous fees and income.

TEX. EDUCATION AGENCY, TEX. PERMANENT SCHOOL FUND, ANNUAL REPORT, FISCAL YEAR ENDING AUGUST 31, 2007 (2008) at 5, *available at* http://www.tea.state.tx.us/psf/annualreports.html (last visited Apr. 7, 2008). Pursuant to the constitutional language placing "all revenue derived from the land or other properties" into the PSF, the fund will include all funds derived from (1) the sale, lease and any other disposition of PSF assets or any interest in those assets, and (2) the investment of the proceeds of the sale, lease or disposition of the PSF assets or any interest in those assets. TEX. CONST. art. VII, § 5(a).

Article VII, section 5(a) defines the available school fund:

> The available school fund consists of the distributions made to it from the *total return* on all investment assets of the permanent school fund, the taxes authorized by this constitution or general law to be part of the available school fund, and appropriations made to the available

> school fund by the legislature. The total amount distributed from the permanent school fund to the available school fund [in each year of a state fiscal biennium shall be determined under subsections 5(a)(1) and (2) of this article].

*Id.* (emphasis added); *see also id.* § 3(a) ("One-fourth of the revenue derived from the State occupation taxes shall be set apart annually for the benefit of the public free schools."); *id.* §§ 5(b) ("expenses of managing permanent school fund land and investments shall be paid by appropriation from the [PSF]"); 5(d) (Legislature may provide for using PSF to guarantee bonds issued by school district or by state for certain purposes).

Section 5(a) was amended in 2003 to provide for a "total return" investment management strategy, which allows a portion of the market value increases of the PSF to be distributed and included in the ASF. *See* Tex. H.R.J. Res. 68, § 2, 78th Leg. R.S., 2003 Tex. Gen. Laws 6236, 6237–38 (proposed amendment). A comptroller's report recommending a constitutional amendment to adopt the total return concept for the PSF stated as follows:

> *Barron's* financial guides define total return as "the annual return on an investment including appreciation and dividends or interest." [John Downes and Jordan Elliot Goodman, *Dictionary of Finance and Investment Terms, 5th ed.* (Hauppauge, New York: Barron's Educational Series Inc., 1998), at 654]. Under the total return spending policy, a certain amount of the total annual return is held in the corpus of the fund to offset inflation and other factors; the remainder of the return is paid to the fund's beneficiaries after management expenses are paid. This policy, then, makes a portion of the annual growth in the fund's total market value, as well as its income, available for distribution. This gives fund managers the ability to distribute some portion of each part of an investment's total return—interest, dividends, and market value increases.

*See* Tex. Comptroller of Public Accounts, Tex. Performance Review, Limited Government, Unlimited Opportunity, ED 9 (2003) at 1–2, *available at* http://www.window.state .tx.us/etexas2003/ (last visited Apr. 7, 2008). Legislative history states that the 2003 amendment "would change the composition of the PSF and the ASF by providing that the ASF, rather than consisting in part of the interest and income on the PSF assets, would consist of a portion of the 'total return' on investment assets of the PSF—in other words, a portion of the market value increases, or capital gains, of stocks and bonds held by the PSF." Tex. Legislative Council, Analyses of Proposed Constitutional Amendments, September 13, 2003 (2003) at 58, *available at* http://www.tlc.state.tx.us/pubsconamend/pubsconamend.html (last visited Apr. 7, 2008).

Article VII, section 4 provides for selling the lands set apart by section 2 and investing the proceeds:

> The lands herein set apart to the Public Free School fund, shall be sold under such regulations, at such times, and on such terms as may be prescribed by law . . . . The proceeds of such sales must be used to acquire other land for the Public Free School fund as provided by law or the proceeds shall be invested by the comptroller of public accounts, as may be directed by the Board of Education herein provided for,[3] in the bonds of the United States, the State of Texas, or counties in said State, or in such other securities, and under such restrictions as may be prescribed by law; and the State shall be responsible for all investments.

*Id.* art. VII, § 4. Thus, the SBOE is responsible for directing the investment of proceeds from PSF land sales. *See id.*; *see also* TEX. EDUC. CODE ANN. § 43.003 (Vernon 2006) (investment of PSF by SBOE). The SLB has been delegated responsibility for selling the lands that article VII, section 2 sets apart for public school purposes. *See* TEX. NAT. RES. CODE ANN. § 32.061(1)–(2) (Vernon 2001); *see also id.* § 51.011 (Vernon Supp. 2007). Article VII, section 4 requires the proceeds of the land sales to (1) be used to acquire other land for the PSF or (2) be invested by the State Board of Education ("SBOE") in the securities described in section 4. *See* TEX. CONST. art. VII, § 4.

In answer to your first question, we conclude that the perpetual school fund, the public free school fund, and the permanent school fund referred to in Sections 2, 4, and 5 of article VII, Texas Constitution, constitute a single fund. Article VII, section 2 provides that certain state lands and revenues shall constitute "a perpetual public school fund," and section 5(a) gives the name "permanent school fund" to the fund created by article VII, section 2. The Education Code describes the permanent school fund as "a perpetual endowment for the public schools." TEX. EDUC. CODE ANN. § 43.001(a) (Vernon 2006); *see also* Tex. Att'y Gen. Op. No. DM-316 (1995) at 2 (equating "perpetual school fund" with "permanent school fund"). A court has used the term "public free school fund" to mean the fund created by section 2. *See Hall v. Rushing*, 54 S.W. 30, 32 (Tex. Civ. App.—Fort Worth 1899, no writ) (effect of article VII, section 2 of the Texas Constitution was to constitute certain land as land belonging to the public free school fund of this state). The term "permanent school fund" was used in place of "public free school fund" in a recodified statute because "permanent school fund" is the term "most commonly used of the several different names used for this fund." TEX. OCC. CODE ANN. § 1071.002 revisors note 2 (Vernon Supp. 2007). Accordingly, the terms "perpetual school fund," "public free school fund," and "permanent school fund" are simply different names for the same fund. We will use the name "permanent school fund" or PSF to refer to this fund.

You next ask "whether the SBOE and/or the SLB may consider the investments made by the other body when executing their investment activities under their respective fiduciary standards." Request Letter, *supra* note 1, at 2. If this authority exists, you wish to know whether the two boards are required by their fiduciary standards to consider the overall holdings of the PSF managed by the other entity in making investments within their respective portfolios. *See id.*

---

[3]*See* TEX. CONST. art. VII, § 8 ("The Legislature shall provide by law for a State Board of Education . . . .").

We reiterate that the constitution provides that the lands set apart to the PSF shall be sold and "[t]he proceeds of such sales must be used to acquire other land for the Public Free School fund as provided by law *or* the proceeds shall be invested by the comptroller of public accounts, as may be directed by the Board of Education herein provided for . . . ." TEX. CONST. art. VII, § 4 (emphasis added). Article VII, section 5(a) provides that the PSF "consists of all land appropriated for public schools by this constitution or the other laws of this state, other properties belonging to the [PSF], *and all revenue derived from the land or other properties.*" *Id.* art. VII, § 5(a) (emphasis added). The proceeds of the land sales are thus part of the PSF, whether they are used to acquire other land for the PSF or invested in securities. *See id.* art. VII, § 4.

Article VII, section 5(f) of the Texas Constitution provides that the SBOE, in managing PSF assets,

> may acquire, exchange, sell, supervise, manage, or retain, through procedures and subject to restrictions it establishes and in amounts it considers appropriate, any kind of investment . . . that persons of ordinary prudence, discretion, and intelligence, exercising the judgment and care under the circumstances then prevailing, acquire or retain for their own account in the management of their affairs, not in regard to speculation but in regard to the permanent disposition of their funds, considering the probable income as well as the probable safety of their capital.

*Id.* art. VII, § 5(f). The SBOE's investment policy statement must "document that the SBOE is fulfilling its responsibilities for managing PSF investments *solely in the interests of the PSF.*" 19 TEX. ADMIN. CODE § 33.10(b)(5) (2007) (Tex. Educ. Agency, Statement of Investment Policy) (emphasis added). Pursuant to its investment policy statement, the SBOE would be well advised to keep in mind the interests of the PSF as a whole when it makes investments. In addition, under article VII, section 4 the proceeds of land sales may in the future become subject to investment at the SBOE's direction. *See* TEX. CONST. art. VII, § 4. When the SBOE invests PSF funds, it would be appropriate, and may even be essential, for it to consider the effect of SLB investments on the income and safety of the PSF as a whole.

We also consider whether the SLB, when it invests the PSF assets entrusted to it, may or must consider the investments made by the SBOE.[4] The SLB is the agency authorized by legislative delegation under article VII, section 4 to sell PSF land and to acquire other land for the PSF. *See* TEX. CONST. art. VII, § 4; TEX. NAT. RES. CODE ANN. §§ 51.402–.406 (Vernon 2001 & Supp. 2007). The SLB, created by Natural Resources Code section 32.011, is composed of the Commissioner of the General Land Office and two other persons, one appointed by the Governor and the other appointed by the Attorney General. *See id.* §§ 32.011, .012(a) (Vernon 2001). Section 51.401 authorizes the SLB to designate funds received from lands and other interests "for deposit in the real

---

[4]In addressing this question, we do not consider the SLB's constitutional or statutory authority to make investments.

estate special fund account of the permanent school fund in the State Treasury to be used by the [SLB] as provided by this subchapter." *Id.* § 51.401(a). "The real estate special fund account must be an interest-bearing account, and the interest received on the account shall be deposited in the State Treasury to the credit of the real estate special fund account of the permanent school fund." *Id.* § 51.401(b). The SLB may use the money in the real estate special fund account for various purposes, including the following:

> (1)  to add to a tract of public school land to form a tract of sufficient size to be manageable;
>
> (2)  to add contiguous land to public school land;
>
> . . . or
>
> (8)  to acquire, sell, lease, trade, improve, maintain, protect, or use land, mineral and royalty interests [and certain other interests] *at such prices and under such terms and conditions the board determines to be in the best interest of the permanent school fund.*

*Id.* § 51.402(a) (emphasis added). Section 51.402(a)(8) expressly requires the SLB to make transactions at the prices and under the terms and conditions that "the board determines to be in the best interest of the permanent school fund," which includes the assets invested by the SBOE. *Id.* § 51.402(a)(8). Section 51.402(b) moreover provides that the SLB, before using funds under section 51.402(a), "must determine, using the prudent investor standard, that the use of the funds for the intended purpose is authorized by Subsection (a) and *in the best interest of the permanent school fund.*" *Id.* § 51.402(b) (emphasis added).[5] The Legislature has thus expressly directed the SLB to consider the best interest of the PSF when it invests or otherwise spends the real estate special fund account. The PSF includes the assets managed and invested by the SBOE; thus, when the SLB invests or otherwise expends money in the real estate special fund account, its consideration of the best interest of the PSF must include the SBOE's investments of PSF assets.

You finally ask "whether the SLB may constitutionally transfer funds to the ASF under the authority of Section 51.413 or any other provision of law." Request Letter, *supra* note 1, at 5. Section 51.413 of the Natural Resources Code provides in part:

> The [SLB] may, by a resolution adopted at a regular meeting, release from the real estate special fund account funds previously designated under Section 51.401 of this chapter or managed, used, or encumbered under Section 51.402 or Section 51.4021 of this chapter to be deposited in the State Treasury to the credit of:

---

[5]Natural Resources Code section 51.402(b) also provides that "[a] determination by the board on the use of funds under this section is conclusive unless the determination was made as a result of fraud or obvious error." TEX. NAT. RES. CODE ANN. § 51.402(b) (Vernon Supp. 2007).

> (1)  the available school fund . . . .

TEX. NAT. RES. CODE ANN. § 51.413(1) (Vernon Supp. 2007).

In addressing the constitutionality of this provision, we presume that legislative enactments are constitutional and, if possible, interpret them "in a manner to avoid constitutional infirmities." *Barshop v. Medina County Underground Water Conservation Dist.*, 925 S.W.2d 618, 629 (Tex. 1996). "[A] law will not be declared unconstitutional unless it is clearly so." *City of Dallas v. Tex. Prudential Ins. Co.*, 291 S.W.2d 693, 696 (Tex. 1956); *see also Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978). However, the Legislature may not authorize an action that the constitution prohibits. *Tex. Mun. League Intergov'tl Risk Pool v. Tex. Worker's Comp. Comm'n*, 74 S.W.3d 377, 381 (Tex. 2002).

We consider whether Natural Resources Code section 51.413(1) is consistent with the constitutional provision governing distributions from the PSF to the ASF. Texas Constitution article VII, section 5(a) provides as follows:

> (a) . . . The available school fund consists of the distributions made to it from the total return on all investment assets of the permanent school fund, the taxes authorized by this constitution or general law to be part of the available school fund, and appropriations made to the available school fund by the legislature. The total amount distributed from the permanent school fund to the available school fund:
>
> > (1)  in each year of a state fiscal biennium must be an amount that is not more than [an amount based on the market value of the PSF, computed at specific times], excluding real property belonging to the fund that is managed, sold, or acquired under Section 4 of this article, . . . in accordance with the rate adopted by:
> >
> > > (A)  a vote of two-thirds of the total membership of the State Board of Education, taken before the regular session of the legislature convenes; or
> > >
> > > (B)  the legislature by general law or appropriation, if the State Board of Education does not adopt a rate as provided by Paragraph (A) of this subdivision; and
> >
> > (2)  [limit in distributions based on a 10-year period].

TEX. CONST. art. VII, § 5(a). This provision defines the ASF as consisting of "the distributions made to it from the total return on all investment assets of the permanent school fund, the taxes authorized by this constitution or general law to be part of the available school fund, and appropriations made

to the available school fund by the legislature." *Id.* Nothing in this definition includes in the ASF the proceeds of land sales deposited in the real estate special fund and managed by the SLB.[6]

Section 5(a)(1) also limits the amount that will be distributed each year from the PSF to the ASF, and no constitutional provision other than section 5 of article VII authorizes a distribution of money from the PSF to the ASF. Section 5(a)(1) requires either the SBOE or the Legislature adopt a rate to be used in computing the annual distribution from the PSF to the ASF. *See id.* § 5(a)(1)(A)–(B). The constitution does not authorize any other state officer or governmental body to compute the rate required by section 5 or to distribute funds from the PSF to the ASF.[7] Any statute authorizing the distribution of money from the PSF to the ASF must be consistent with article VII, section 5.

Natural Resources Code section 51.413(1) allows the SLB to transfer the proceeds of land sales to the ASF. Such proceeds are not components of the ASF as described by article VII, section 5(a). Moreover, nothing in section 5 or any other applicable constitutional provision authorizes the SLB to transfer the proceeds of land transactions to the ASF. Accordingly, section 51.413(1) appears to be inconsistent with Texas Constitution article VII, section 5.

Article VII, section 4 provides that the proceeds of land sales "must be used to acquire other land for the Public Free School fund as provided by law or the proceeds shall be invested by the comptroller of public accounts, as may be directed by the Board of Education." *Id.* § 4. Section 51.413(1) attempts to allocate the proceeds of land sales to the ASF, an allocation that is inconsistent with section 4. Given that Natural Resources Code section 51.413(1) appears to be inconsistent with Texas Constitution, article VII, sections 4 and 5, we believe that a court would probably find it unconstitutional.

A brief submitted on behalf of the General Land Office argues that Natural Resources Code section 51.413 provides the only current mechanism for funds to flow from the real estate fund to the PSF or the ASF, because House Bill 3699 repealed a provision that formerly required the proceeds of the sale of PSF land to be deposited in the PSF if the SLB did not use them to acquire interests in land within two years.[8] *See* Act of May 17, 2001, 77th Leg., R.S., ch. 900, § 1, 2001 Tex.

---

[6]The fiscal note attached to House Bill 3699, which enacted Natural Resources Code section 51.413(1), stated that without a related constitutional amendment, a distribution made to the ASF from the real estate special fund does not appear to qualify as one of the constitutional components of the ASF. *See* Fiscal Note, Tex. H.B. 3699, 80th Leg., R.S. (May 25, 2007) (enrolled version). Therefore, the fiscal note assumed that the transfer of funds would not occur and the bill would have no fiscal impact. *See id.* A constitutional amendment authorizing Natural Resources Code section 51.413(1) was introduced but not adopted. *See* Tex. S.J. Res. 66, 80th Leg. R.S. (2007) (introduced).

[7]Texas Constitution article VII, section 5 provides that the expenses of managing permanent school fund land and investments shall be paid by appropriation from the PSF and that the Legislature may provide for using the PSF to guarantee bonds issued by school districts or by the state for certain purposes. *See* Tex. Const. art. VII, § 5(b), (d). We find no other constitutional provision authorizing any other distribution of the PFS.

[8]*See* Brief from William F. Warnick, General Counsel, Texas General Land Office, to Honorable Greg Abbott, Attorney General of Texas, at 5 (Dec. 7, 2007) (on file with the Opinion Committee).

Gen. Laws 1794, *repealed by* Act of May 25, 2007, 80th Leg., R.S., ch. 1368, § 10, 2007 Tex. Gen. Laws 4664, 4667. As we have noted, article VII, section 4 of the Texas Constitution requires the proceeds of land sales to be used to acquire other land for the "Public Free School fund" or to be invested by the Comptroller of Public Accounts, as directed by the SBOE. TEX. CONST. art. VII, § 4. We do not believe that the Legislature may authorize the SLB to thwart the constitutionally mandated use of PSF land proceeds. Moreover, if an amendment to a statute is declared unconstitutional and invalid, the original statute remains in full force and effect. *See State v. Standard Oil Co.*, 107 S.W.2d 550, 557 (Tex. 1937). We do not find the briefer's argument persuasive.

We finally point out that our conclusion is consistent with a prior opinion of this office. In Attorney General Opinion M-347 (1969), this office considered proposed legislation that would have transferred the royalties on leases of permanent school land to the ASF. *See* Tex. Att'y Gen. Op. No. M-347 (1969) at 1. It reviewed the authorities and determined that consideration received by the state for oil taken from PSF lands is part of the purchase price for the sale of such lands, and that "such proceeds must be placed in the permanent school fund." *Id.* at 5. It concluded that the proposed legislation would violate article VII, sections 2, 4, and 5 by attempting to place the proceeds of land sales in the ASF instead of in the PSF. *See id.* Natural Resources Code section 51.413(1) likewise attempts to place in the ASF revenues that belong in the PSF and appears to violate the constitution for the reasons set out in Attorney General Opinion M-347. We conclude in answer to your final question that a court would probably find Natural Resources Code section 51.413(1) unconstitutional.

## S U M M A R Y

The perpetual school fund, the public free school fund, and the permanent school fund referred to in Texas Constitution sections 2, 4, and 5 of article VII constitute the same fund, most commonly known as the permanent school fund. When the State Board of Education invests assets of the permanent school fund, it should consider the School Land Board's investments and their potential impact on the probable income and the probable safety of the permanent school fund. When the School Land Board engages in transactions with interests in the real estate special fund account, it must consider the best interest of the permanent school fund including investments by the State Board of Education. Natural Resources Code section 51.413(1), which attempts to place the proceeds of land sales in the available school fund, appears to be inconsistent with Texas Constitution article VII, sections 4 and 5. A court would probably find section 51.413(1) unconstitutional.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee