136; Williams v. Nolan, 58 Tex. 708; Wells v. Stonerock, 120 Tex. 287, 37 S.W.(2d) 712.

■ Plaintiff in error contends that by his petition in the district court he not only attacked the judgment obtained by the Lumber Company in the former suit, but also pleaded a new title acquired by him subsequent to the rendition of that judgment. We are of the opinion that the petition in this case cannot be given any such construction. The petition pleads: (a) In trespass to try title; (b) specially pleads plaintiff contended for legal title; and (c) pleads title by the three, five and ten years' statutes of limitation. The petition then pleads the former judgment and seeks to set it aside and recover the 1,280 acres of land awarded to the Lumber Company thereby. We will not lengthen this opinion by going into the details of the petition. It is enough to say that it certainly is not sufficient to plead a title acquired by plaintiff after the rendition of the former judgment.

The judgments of the district court and of the Court of Civil Appeals are both affirmed.

## TEXAS EMPLOYERS' INS. ASS'N v. WHITE.

Motion No. 12777; No. 6902.

Supreme Court of Texas.
June 30, 1937.

Lawther, Cox & Cramer and Shelby S. Cox, all of Dallas, for plaintiff in error.

Grisham Bros., of Eastland, and J. A. Lantz, of Austin, for defendant in error.

PER CURIAM.

The defendant in error having filed in this court a remittitur of $1,970.10 as of the date of the original judgment, which reduces the principal sum of that judgment from $6,352.41 to $4,382.31, and it appearing that the remittitur is sufficient to account for the greatest possible amount of excessiveness in the judgment, it is ordered that the judgment heretofore entered herein reversing and remanding the cause be set aside and in lieu thereof that the judgments of the trial court and of the Court of Civil Appeals be reformed so as to award to defendant in error a recovery of the amount above named and, as reformed, that said judgments be affirmed. Texas & N. O. R. Co. v. Carr, 91 Tex. 332, 43 S.W. 18. The costs in this court will be assessed against defendant in error.