CITY OF DALLAS et al., Appellants,

v.

W. T. OVERTON et al., Appellees.

No. 16177.

Court of Civil Appeals of Texas.

Dallas.

Dec. 14, 1962.

Rehearing Denied Jan. 4, 1963.

H. P. Kucera, City Atty., N. Alex Bickley and Thomas B. Warren, Asst. City Attys., Dallas, for appellants.

Jackson, Walker, Winstead, Cantwell & Miller, D. L. Case, B. L. Woolley, Jr., and Jack Pew, Jr., Dallas, for appellees.

WILLIAMS, Justice.

Declaratory judgment action by W. T. Overton and Tecon Corporation against City of Dallas and Norman Register, the Assessor and Collector of Taxes of said City, involving the question of taxable situs of tangible personal property.

The essential stipulated facts, and uncontroverted testimony, may be summarized as follows: W. T. Overton was on and prior to January 1, 1961, and is now, a resident of and has his domicile in the City of Dallas, Texas; that he has a business office in the City of Dallas, where he is engaged in the investment business. On and prior to the critical date of January 1, 1961 Overton was and is the owner of a Cessna Airplane which, when not in use, is located at Addison Airport which is located in the City of Addison, Dallas County, Texas. Such aircraft is used by Overton in his investment business and for pleasure and when not in use it is kept at the Addison Airport, receiving service and maintenance as is provided at such airport. Overton uses the said Addison Airport not only for storing and servicing of his airplane, as is provided at such airport, but also for landing and take off of said plane. Tecon Corporation, a Delaware

Corporation, was on and prior to January 1st, 1961 doing business in the State of Texas and having its home office and principal place of business in the City of Dallas, Texas. On and prior to said critical date of January 1st, 1961 Tecon was and is the owner of a Convair Aircraft and a DC–3 Aircraft, both of which are used by the corporation in its business and for pleasure, and when not in use both planes are located and hangared at the Addison Airport, receiving service and maintenance there as well as using the facilities of said airport for landing and take off. The airplanes in question are private crafts; that they are not available for transporting property of others for hire and that they do not fly on a fixed schedule. The airplanes are used for business and pleasure trips by their owners. That Addison Airport is located within the City limits of Addison, and no part thereof is in the corporate limits of the City of Dallas. The City of Addison is a general law city and has the power to tax personal property; that it provides water, street lighting, fire and police protection to the Addison Airport. That Norman Register, in his capacity as Assessor and Collector of Taxes for the City of Dallas, has, on behalf of the City of Dallas, notified Overton and Tecon that their airplanes, hangared at the Addison Airport, are subject to ad valorem taxes by the City of Dallas and has demanded that a payment of such taxes be made. Overton and Tecon have declined to render such airplanes to the City of Dallas for taxation.

At the conclusion of a non-jury trial judgment was rendered in favor of Overton and Tecon Corporation denying the City of Dallas the right to tax the personal property in question.

◼ In extremely able briefs, as well as in helpful oral argument before this Court, the attorneys for both appellants and appellees agree that the sole question presented by this appeal from the order of the District Court is whether, under the facts presented, the taxable situs of the personal property in question is within the City of Dallas, Texas.

Art. VIII, § 11, Texas Constitution, Vernon's Ann.St. is the basic law which provides that all property, whether owned by persons or corporations, shall be assessed for taxation, and the taxes paid in the County where situated. Art. 1175, Vernon's Ann. Civ.St. grants to Home Rule Cities, such as the City of Dallas, the power to levy and collect ad valorem taxes. Section 1181 of the Home Rule Charter of the City of Dallas provides that:

"All property, real, personal or mixed, *lying and being within the corporate limits of the City of Dallas* on the 1st, day of January, shall be subject to taxation, excepting such property as may be exempt from taxation under the Constitution and the Laws of the State of Texas." (Emphasis ours.)

◼ Being limited to the authority granted to it by its Charter, the City of Dallas, in order to levy and collect a tax upon appellees' airplanes, must show that such property has a taxable situs, either actually or constructively, within the limits of the City of Dallas. Great Southern Life Ins. Co. v. City of Austin, 112 Tex. 1, 243 S.W. 778.

Since it is agreed by the parties that appellees' "airplanes were not and are not physically within the Corporate limits of the City of Dallas" the appellants, in order to prevail, must demonstrate constructive tax situs, or as stated by appellees, an artificial or fictional situs, at the domicile of their owners in the City of Dallas. Appellant contends the "within" provision of its Charter does not necessarily mean a physical location, relying upon the language of the Supreme Court in City of Dallas v. Texas Prudential Ins. Co., 156 Tex. 36, 291 S.W.2d 693 in which it was said:

" [I]t is our opinion that the language 'where situated', as used in the Constitution, does not, by its own force, determine the situs of personal prop-

erty to be where it is physically located."

Since there is admittedly no applicable statute controlling this particular situation appellants necessarily rely upon the application of the common law maxim, "mobilia sequuntur personam" (movables follow the person) meaning that all movable property was considered to have its tax situs at the domicile of its owner.

The rationale, as well as the history of the ancient common law doctrine "mobilia sequuntur personam" is succinctly stated in 51 Am.Jur. "Taxation" § 451, p. 466 as follows:

"A literal application of the principle of mobilia sequuntur personam to taxation of personal property not only justified a sovereign in taxing the property of his subjects although it was kept outside the territory, but also prohibited him from taxing property of persons who were not his subjects which was kept within his territory; this principle was sufficiently satisfactory in the Middle Ages when the resident of one country rarely kept personal property in another country, and if he traveled, he generally carried his wealth with him, but with changing economic conditions and increasing accumulations of wealth in the various forms of personal property kept by owners at places other than their place of residence or domicil, it became obvious that the principle of mobilia sequuntur personam could not properly be applied as the ultimate test of situs of tangible personalty for purposes of taxation. That principle is inapplicable where, contrary to the principle it establishes, the property has acquired an actual situs in a jurisdiction other than the domicil of the owner."

Cooley "The Law of Taxation" Vol. 2, Fourth Ed., § 440, discusses the ancient doctrine and its modern exceptions in the following language:

"In relation to situs for purposes of taxation, there is much reference to the legal maxim 'mobilia sequuntur personam' i. e., 'movables follow the person'. That maxim is sometimes loosely expressed in the phrase 'The situs of personal property is the domicile of the owner.' However, this maxim is merely a fiction of law. It was 'intended for convenience, and not to be controlling where justice does not demand it.' It is not of universal application, does not rest on any constitutional foundation, and gives way before express law. As has been said, 'the fiction that personal property follows the domicile of its owner' cannot be allowed to obstruct the truth.' 'This rule,' it has been well said, 'is subject to so many exceptions and limitations that it is quite as liable to mislead as to furnish a correct guide, when considered alone.' So far as applied to taxation, it merely means that the situs of personal property for purposes of taxation is the domicile of the owner unless (1) there is a statute to the contrary, or (2) the property is tangible and has acquired an actual situs of its own in a state or place other than where the owner is domiciled, or (3), in case of intangible property, it has acquired a business situs in a state other than the one where the owner is domiciled. As thus limited, the maxim applies to taxation of personal property."

For further background on the history and modern development of common law rule see In re County of Washington v. Estate of Jefferson, 35 Minn. 215, 28 N.W. 256; Union Refrigerator Transit Co. v. Kentucky, 199 U.S. 194, 26 S.Ct. 36, 50 L. Ed. 150, 48 LRA 790; Pullman's Palace-Car Co. v. Pennsylvania, 141 U.S. 18 and 11 S. Ct. 876, 35 L.Ed. 613.

In the early case of Hardesty Bros. v. Fleming, 57 Tex. 395 (1882) the Supreme Court held that cattle owned by residents of Kansas, but pastured in Hansford Coun-

824

ty, Texas, were taxable where they had acquired a tax situs in Texas.

■ The more modern rule, which we think has application in our jurisdiction, is enunciated in 84 C.J.S. Taxation § 115, pp. 224, 225, as follows:

"Although, in determining the situs of tangible personal property, two opposed considerations, that is, place of ownership and place of property location, have been applied and have caused some legal difficulty in the broad application of the principle of mobilia sequuntur personam, the general rule is that movable property which has a value of its own, instead of being merely the evidence or representive of value, and which has a visible and substantial existence, is taxable where it is usually or permanently kept; and, if located in the state or territory, it is taxable there regardless of the residence or domicile of the owner, * * ."

This rule is recognized in Texas. 40 Tex. Jur. "Taxation" § 19, pp. 34 and 35. Dealing specifically with aircraft, the rule is announced in Tex.Jur. Ten Year Supp. Vol. 1, "Aeronautics" § 11, as follows:

"The principles applicable in taxing other types of tangible property are applicable to airplanes and aviation property. The rule that the situs for purposes of taxation of tangible personal property is in the jurisdiction in which the property is physically located, to the exclusion of any other including the state of the owner's domicile, applies to aircraft."

In 155 A.L.R. 264, the rule relating to taxation of airplanes is thus stated:

"The situs for purposes of taxation of tangible personal property is, under the present state of the law, in the jurisdiction in which such property is physically located, to the exclusion of any other, including the state of the owner's domicil. Under this test, apart

from the argument that, from the nature of an aeroplane as an instrumentality designed to move about, it cannot be deemed to have any situs of any permanency in any particular jurisdiction, and under the assumption that it is physically located in a particular jurisdiction, the taxable situs of an aeroplane is in that jurisdiction, and not at the domicil of its owner."

Our Texas courts have continually recognized and held that taxable personal property may be taxed in the jurisdiction where it is located, as opposed to the residence of its owner. Clampitt v. Johnson, 17 Tex.Civ.App. 281, 42 S.W. 866; State v. Fidelity & Deposit Co. of Maryland, 35 Tex.Civ.App. 214, 80 S.W. 544; Guaranty Life Ins. Co. v. City of Austin, 108 Tex. 209, 190 S.W. 189; City of Galveston v. Haden, Tex.Civ.App., 214 S.W. 766; Great Southern Life Ins. Co. v. City of Austin, 112 Tex. 1, 243 S.W. 778.

In the more recent case of State v. Crown Central Petroleum Corp., Tex.Civ.App., 242 S.W.2d 457, writ ref., the question was directly presented as to whether Nueces County had the right to tax oil which had been produced and stored in Nueces County, but owned by a corporation residing in Harris County, Texas. Following a comprehensive review of all of the above authorities relating to the ancient doctrine of mobilia sequuntur personam, Chief Justice Murray of the San Antonio Court of Civil Appeals, speaking for that Court said:

"One exception to the rule that tangible personal property is only taxable in the county of the residence of the owner is, that tangible personal property which by its character and concrete form is capable of having a value and an actual physical situs, may be taxed in the county where permanently located. State v. Fidelity & Deposit Co. of Maryland, 35 Tex.Civ.App. 214, 80 S.W. 544."

The court held that the oil by its character and concrete form, is capable of having

a value and it has always had an actual physical situs of a permanent nature in Nueces County, and therefor taxable there even though its owner resided in another county. The Court further stated that the intention of the owner to have the oil loaded in tanks or barges and transferred to Harris County is not sufficient to change the actual physical and permanent situs of the oil which existed at the time of the levy of taxes by Nueces County.

We are of the opinion that the above case, which has been approved by Our Supreme Court, announces the correct rule of law applicable to the factual situation here presented. That rule of law is, as announced by Chief Justice Murray, that tangible personal property acquires a tax situs in a jurisdiction apart from its owner if it is kept there with sufficient permanency that it may fairly be regarded as being a part of the general mass of property within the jurisdiction.

The term "permanent" as used in expressions relating to this rule of law is sometimes confusing. The term "permanent" is used in contra distinction of the term "temporary" or "transitory". The question of "permanency" is clarified considerably in Cooley, "Law of Taxation" Fourth Ed., § 452, as follows:

"In order to acquire a situs in a state or taxing district so as to be taxable in the state or district regardless of the domicile of the owner and not taxable in another state or district at the domicile of the owner, tangible personal property must be more or less permanently located in the state or district. In other words, the situs of tangible personal property is where it is more or less permanently located rather than where it is in transit or temporarily and for no considerable length of time. * * *

"The governing rule, as usually stated, is that the taxable situs depends on whether the property is 'permanently' within the state. However, in this connection, the word 'permanently' is apt to be misleading unless read in connection with the facts of the particular case. It means a more or less permanent location for the time being."

See also 110 A.L.R. pp. 707, 717:

"The courts are all agreed that before tangible personal property may be taxed in a state other than its owner's domicil, it must acquire there a location more or less permanent. It is difficult to define the idea of permanency that this rule connotes. It is clear that 'permanency,' as used in this connection, does not convey the idea of the characteristics of the permanency of real estate. It merely involves the concept of being associated with the general mass of property in the state, as contrasted with a transient status— viz., likelihood of being in one state today and in another tomorrow."

See also such cases as Brock & Co. v. Board of Supervisors of Los Angeles County, 8 Cal.2d 286, 65 P.2d 791; Town of Cady v. Alexander Construction Co., 12 Wis.2d 236, 107 N.W.2d 267 and City Bank Farmers' Trust Co. v. Schnader, 293 U.S. 112, 55 S.Ct. 29, 79 L.Ed. 228.

Obviously the courts do not construe the term "permanent" to mean absolutely permanent, since movable property is seldom absolutely permanent. The question of whether or not the property in question is "more or less permanent", as the term is often utilized, depends upon the factual situation in each case as illustrated by that of State v. Crown Central Petroleum Corp., Tex.Civ.App., 242 S.W.2d 457, writ ref., wherein the oil in question was stored in Nueces County awaiting removal to Harris County at some future date, but indefinite time.

In the light of the record made by the stipulations and undisputed testimony as reviewed above, we are of the opinion that appellees' airplanes are, within the meaning of the term "permanently" kept at Addison

Airport with that degree of permanency as to make them taxable at that jurisdiction rather than in the City of Dallas where the owners reside. The planes receive their servicing and maintenance at Addison. They remain available there for their owners' business trips, and when the trips are completed they are returned to Addison. The planes are not transitory nor temporarily kept at Addison. There is no "transient status" applicable to these airplanes at Addison. They have become a part of the "general mass of property" within the City of Addison. Therefore, as a matter of law, appellees' planes may be said to be permanently kept at Addison Airport. If the stipulations and testimony raised any issue of fact as to whether the planes were permanently at Addison Airport, the District Court has impliedly found that they are and such finding is supported by the evidence. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609.

Appellants impliedly concede that the common law doctrine of mobilia sequuntur personam has acquired definite exceptions. While they do not seem to question the theory of "permanent location" of tangible personal property, their argument is that "permanency" of location is not the complete test; that tangibles may acquire a tax situs in a jurisdiction apart from their owners only if they have attained a "business situs" at the place where they are located. In advancing this contention, appellants have confused the rule applicable to tangible personal property with the rule applicable to intangible personal property. It is the intangible personal property which may be taxed at its owner's domicile unless it has acquired a "business situs" elsewhere. On the other hand tangible personal property is said to be taxable where it is permanently kept or where it has acquired a permanent status in the community. This distinction was discussed in State v. Crown Central Petroleum Corp., 242 S.W.2d 457, writ ref.

Even if it may be conceded, arguendo, that appellants' contention concerning "business situs" is correct, yet we feel that under the undisputed facts in this case that the tangible personal property of appellees had acquired, in some degree, a "business situs" at the Addison Airport in Addison, Texas. It is undisputed that the aircrafts in question, while kept hangared at Addison Airport, are also used frequently by their owners in both business and pleasure trips. Certainly it cannot be said that the aircrafts in question were merely placed in dead storage at the Addison Airport. The airplanes have been used for the purpose for which they were designed, namely, to transport their owners from place to place in both business and pleasure trips. Under these circumstances it is quite apparent to us that the aircrafts in question have acquired a permanent situs and are certainly used in business by their owners at that situs.

Appellants contend that the judgment of the District Court conflicts with the decisions of Gulf, C. & S. F. Ry. Co. v. City of Dallas, Tex.Com.App., 16 S.W.2d 292; City of Fort Worth v. Southland Greyhound Lines, 123 Tex. 13, 67 S.W.2d 354, aff. 123 Tex. 13, 67 S.W.2d 354, 361; Chemical Express v. City of Roscoe, Tex.Civ. App., 310 S.W.2d 694, writ ref. A careful examination of these authorities clearly reveal distinguishing features which make them inapplicable to the factual situation before us. In the Southland Greyhound and Chemical Express cases the City was attempting to tax motor vehicles that were only temporarily being kept within its limits. The courts correctly held that such property having failed to acquire "permanent" location apart from its owner, had its tax situs at the owner's domicile. This is different from the situation here where the airplanes of appellees have definitely acquired a permanency of location. The cases of Gulf, C. & S. F. Ry. Co. v. City of Dallas, 16 S.W.2d 292 related to the situs for taxes of rolling stock of its railroad. This case was controlled by a statute expressly exempting railroad rolling stock from rendition to cities along the

railroad's lines. In our case we are not dealing with a statute.

In such cases as Great Southern Life Ins. Co. v. City of Austin, 112 Tex. 1, 243 S.W. 778; City of Dallas v. Texas Prudential Ins. Co., 156 Tex. 36, 291 S.W.2d 693, the courts were dealing with specific statutes regulating taxation of personal property. Therefore, these cases are in nowise controlling of the factual situation here wherein we are not concerned with a specific statute.

The property in question, having acquired a permanent status for tax purposes at Addison, Texas, rather than in the City of Dallas, Texas, appellants' points on appeal are without merit and the judgment of the trial court is affirmed.

Affirmed.

BATEMAN, J., not participating on rehearing.