**Joel H. LAWSON, d/b/a Joel H. Lawson Heavy Equipment, Appellant,**

v.

**The CITY OF GROVES, Appellee.**

No. 7392.

Court of Civil Appeals of Texas, Beaumont.

Nov. 22, 1972.

Remittitur filed—Affirmed Nov. 28, 1972.

A A DeLee, Port Arthur, for appellant.

Black & Black, Port Arthur, for appellee.

DIES, Chief Justice.

The City of Groves sued Joel H. Lawson, d/b/a Joel H. Lawson Heavy Equipment, for unpaid ad valorem taxes on personal property. Trial was to the court without a jury and judgment was entered for City from which taxpayer appeals. Various points of error are assigned, but both parties agree that the fundamental question is whether the personalty involved acquired tax situs other than the City of Groves.

The personalty involved is "backhoes and dozers and cranes and draglines" which are used in operations outside the corporate limits of the city. Taxpayer's office, business and repair shop are within the corporate limits of the City of Groves, but apparently, except for repairs, this equipment is utilized elsewhere. There is suggestion from the record that some of the equipment, during the time at issue, may have been "in the yard" but for this appeal we assume the equipment was only rarely, if ever, physically situated in the city limits.

Art. 8 § 11 of the Texas Constitution, Vernon's Ann.St., provides, in part: "All property, whether owned by persons or corporations shall be assessed for taxation, and the taxes *paid in the county where situated.*" (emphasis supplied)

The Charter of the City of Groves provides that personalty "within the corporate limits of the City of Groves . . . shall be subject to taxation."

It has been said that no taxing authority can exercise the power of taxation except as to property actually or constructively within its jurisdiction and that the common law principle of "mobilia sequuntur personam" (personalty is taxable at the domicile of its owner, regardless of its actual location) is "still the basic principle upon which the taxation of personal property rests." *Great Southern Life Ins. Co. v. City of Austin*, 112 Tex. 1, 243 S.W. 778, 781 (1922). However, this common law pronouncement has never been inflexibly applied in Texas. See *Hardesty Bros. v. Fleming*, 57 Tex. 395 (1882). See also 84 C.J.S. Taxation § 114 (1954).

The constitutional directive "where situated" does not require its tax situs to be where physically located. *City of Dallas v. Texas Prudential Insurance Co.*, 156 Tex. 36, 291 S.W.2d 693, 695 (1956).

In Texas, the rule is declared "that tangible personal property acquires a tax situs in a jurisdiction apart from its owner if it is kept there with sufficient permanency that it may fairly be regarded as being a part of the general mass of property within the jurisdiction." *City of Dallas v. Overton*, 363 S.W.2d 821, 825 (Tex.Civ.App., Dallas, 1962, error ref. n.r.e.). "Permanent" means more or less permanent. *Overton*, supra, and authorities cited therein at p. 825. See *City of Houston v. Western Equipment Rentals, Inc.*, 410 S.W.2d 805, 806 (Tex.Civ.App., Waco, 1966, no writ) and *Greyhound Lines, Inc. v. Board of Equalization*, 419 S.W.2d 345 (Tex.1967). The question of its tax situs is factual and dependent on the situation in each case. *Overton*, supra.

Where the taxing authority introduces the tax rolls together with testimony that the taxes have not been paid, as the City did in this case, a prima facie case

is made. *Alamo Barge Lines, Inc. v. City of Houston*, 453 S.W.2d 132 (Tex.1970). It then became taxpayer's burden to show that the personal property involved had acquired a tax status in a jurisdiction other than owner's domicile. The trial court did not so find and we find support for his judgment in the record.

The judgment also awarded City, in addition to the taxes sued for, the sum of $302.26 for attorney's fee. Since there is no proof in the record of the reasonableness of this fee, this portion of the judgment cannot stand. *City of Houston v. McCarthy*, 371 S.W.2d 587, 591 (Tex.Civ. App., Houston, 1963, error ref. n.r.e.). This part of the judgment is divisible, and we are therefore authorized to require a remittitur of the $302.26 which has no support in the evidence. *Texas Employers' Ins. Ass'n v. White*, 129 Tex. 659, 107 S. W.2d 360, 361 (1937).

If within ten days the City will remit $302.26 of the amount of the judgment such judgment will be reformed and affirmed; otherwise, it will be reversed and remanded.

The judgment is affirmed, conditionally.