Opinion issued March 26, 2009









Opinion issued March 26,
2009

 

 

                                                                        

 

 

 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 


NOS.
         01-08-00234-CV

                                                




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



STARFLIGHT 50, L.L.C., Appellant

 

v.

 

HARRIS COUNTY APPRAISAL DISTRICT and

HARRIS COUNTY APPRAISAL REVIEW BOARD, Appellees

 

 



On Appeal from the 125th District Court

Harris County, Texas

Trial Court Cause No. 2006-76682

 

 

 



                                                   O
P I N I O N

 

                Starflight 50, L.L.C. (“Starflight”)
appeals a take nothing judgment issued in favor of the Harris County Appraisal
District (“HCAD”) and the Harris County Appraisal Review Board (“ARB”),
rendered after a bench trial.  Starflight filed suit against HCAD and the ARB
in district court after the ARB denied Starflight’s ad valorem tax protest.  We
decide (1) whether Starflight properly first exhausted its administrative
remedies so as to confer jurisdiction on issues of valuation, rendition, and
interstate allocation, (2) whether the evidence is legally and factually
sufficient to support the trial court’s judgment, and (3) whether Starflight
waived its right to allocation because it did not timely submit rendition and
allocation filings to HCAD.  We conclude that sufficient evidence supports the
trial court’s findings that Starflight housed its property in Texas for more
than a temporary period as of the rendition date, and that the ARB properly
valued the property based on the evidence presented before it.  We therefore
affirm.

Background

The taxable property in
dispute is a 1988
Dassault-Breguet (Falcon 50), SN-51V jet airplane, which Starflight purchased
on March 18, 2004.  Before
September 2005, Starflight housed its airplane in a hangar at Lake Front Airport in New Orleans, Louisiana.  On the eve of Hurricane Katrina, in late August
2005, Starflight flew the airplane to Houston, where its affiliated corporation
had a business operation.  

Hurricane Katrina
destroyed the New Orleans hangar and Starflight’s office. Thereafter,
Starflight and its personnel, including the plane’s pilot, relocated to the Houston area, and it transacted its business out of the Houston offices of its affiliated
companies.  Starflight used the airplane solely to serve its Houston-based
affiliated companies. From September to December 2005, Starflight housed the
plane at William P. Hobby Airport.  At trial, Starflight maintained that,
during this time and as of January 1, 2006 (the date of determination for the
2005 tax year), it intended to return the airplane to the Lake Front Airport in New Orleans.  

In 2006, HCAD discovered
the airplane and placed it on the tax appraisal roll for Harris County.  Philip Rundle, Starflight’s manager and the only trial witness, testified that he was
responsible for tax-related issues for Starflight and the airplane.  He
testified that he and his partners were unaware of Harris County’s rendition
requirements, and thus they did not render the airplane before the April 15,
2006 rendition deadline.[1]


On August 11, 2006, HCAD
wrote Starflight that the airplane was subject to ad valorem taxes and asked
Starflight to provide information relevant to determining the taxable situs for
the airplane for the 2005 tax year.  Starflight responded with a letter dated
August 22, 2006, contesting HCAD’s appraised value of the airplane,
$9,791,000.00. 

On September 27, 2006,
HCAD rejected Starflight’s valuation and notified Starflight of the airplane’s
final appraised value.  Starflight filed a notice of protest of taxes in Harris County on October 3, 2006, contending that the airplane should not be taxed in Harris County or in Texas.  A hearing followed, attended by Mr. Rundle, wherein the ARB heard
issues pertaining to the airplane’s taxable situs. Mr. Rundle also testified
that discussion took place before the ARB regarding rendition issues.  On
November 27, 2006, the ARB denied Starflight’s protest.  Starflight appealed
the ARB order to the trial court, which rejected it.  

Discussion

I.       Jurisdiction

At the outset, HCAD
contends that Starflight failed to exhaust its administrative remedies with
respect to its complaints of valuation, rendition and allocation because
Starflight did not contest these issues on its protest form and did not raise
them before the ARB.[2] 
Thus, as a threshold matter, we determine whether we have jurisdiction over the
appeal. Kilroy v. Kilroy, 137 S.W.3d 780, 783 (Tex. App.—Houston [1st Dist.] 2004, no pet.)).  

          A.  Standard of Review

          District courts in Texas have general jurisdiction to hear and decide suits, absent statutory exception. See
Tex. Const. art. V., § 8; Appraisal
Rev. Bd. of Harris County Appraisal Dist. v. O’Connor & Assocs.,  267
S.W.3d 413, 416 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (citing Subaru
of Am., Inc. v. David McDavid Nissan, Inc., 84 S.W.3d 212, 220 (Tex. 2002)).  An administrative agency, however, has exclusive jurisdiction to decide matters
within its purview if a pervasive regulatory scheme indicates that the
Legislature intends for the regulatory process to be the exclusive forum to
settle disputes.  Id.  (citing Subaru, 84 S.W.3d at 221).  If an
agency has exclusive jurisdiction, a party must typically exhaust any
administrative remedy before seeking judicial review of the agency’s action.  Id.  The Tax Code is a pervasive regulatory scheme, vesting the ARB with exclusive
original jurisdiction over property tax appraisals.  O’Connor & Assocs.,
267 S.W.3d at 416–17.  In the Property Tax Code, the exhaustion of remedies provisions, found in section 42.09, are mandatory and jurisdictional.  Koll Bren Fund VI, LP v. Harris County Appraisal Dist.,
No. 01-07-00321-CV, 2008 WL 525799, at *4 (Tex. App.—Houston [1st Dist.] Feb.
28, 2008, pet. denied) (mem. op.); see Tex.
Tax Code Ann. § 42.09 (Vernon 2008).  A trial court thus lacks subject matter
jurisdiction, and must dismiss the claims within the agency’s exclusive
jurisdiction, until the party seeking relief exhausts all of its administrative
remedies.  O’Connor & Assocs., 267 S.W.3d at 416.  Accordingly, before
seeking relief in district court, Starflight must have exhausted its
administrative remedies.  Id.   




B.  Matters raised
before the ARB

Starflight protested that
 Harris County was not the taxable situs for its airplane, sent HCAD a letter
dated August 22, 2006, disputing HCAD’s appraised value of the airplane,
attended the ARB, and received an order from the ARB denying its protest.  See
Tex. Tax Code Ann. §§
41.41(A) (Vernon 1999), 41.43 (Vernon 2007), 42.01(1)(A) (Vernon 1998); O’Connor & Assocs., 267 S.W.3d at 416.  We have no record of the protest
proceeding, but note that HCAD’s counsel admitted to the trial court that as a
practical matter the ARB panel would have considered issues of valuation and
timely rendition of allocation information during Starflight’s proceeding. 

Because Starflight filed
its protest in accordance with the Tax Code and because the ARB considered the
substantive matters ultimately appealed to the district court, we hold that
Starflight exhausted its remedies as to these matters, obtained an order
denying them, and thus could seek judicial review of the ARB order.  Zapata
County Appraisal Dist. v. Coastal Oil & Gas Corp., 90 S.W.3d 847, 851 (Tex. App.—San Antonio, 2002 pet. denied); O’Connor & Assocs., 267 S.W.3d at 417
(citing MAG-T, L.P. v. Travis Cent. Appraisal Dist., 161 S.W.3d 617, 624
(Tex. App.—Austin 2005, pet. denied)); see Tex. Tax
Code Ann. § 42.23(a)
(Vernon 2005).  The trial court therefore properly asserted subject matter
jurisdiction over this suit.  O’Connor & Assocs., 267 S.W.3d at 417.

II.      Legal and Factual
Sufficiency

First, Starflight
complains that the trial court’s finding of fact that it housed its airplane in
Harris County, Texas, as of January 1, 2006, on more than a temporary basis, is
against the overwhelming weight and evidence so as to be manifestly unjust.  

A.      Standard of Review 

We review the trial
court’s findings for legal and factual sufficiency of the evidence using the
same standards we apply in reviewing evidence supporting a jury’s verdict.  Aguiar
v. Segal, 167 S.W.3d 443, 449 (Tex. App.—Houston [14th Dist.] 2005, pet.
denied); see Davis v. City of Austin, 632 S.W.2d 331, 333
(Tex. 1982).  A party who attacks the legal sufficiency of an adverse finding
on an issue on which that party has the burden of proof must demonstrate on
appeal that the evidence establishes, as a matter of law, all vital facts in
support of the issue.  Dow Chem. Co. v. Francis, 46 S.W.3d 237, 241 (Tex. 2001).  

In determining whether legally
sufficient evidence supports the finding under review, we must consider
evidence favorable to the finding if a reasonable fact finder
could consider it, and disregard evidence contrary to the finding unless a
reasonable fact finder could not disregard it.  City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005).
 When a party
attacks the factual sufficiency of an adverse finding on an issue on which that
party had the burden of proof, that party must show on appeal that the adverse
finding is against the great weight and preponderance of the evidence.  Francis,
46 S.W.3d at 242.  

B.   Analysis  

Texas Tax Code section
11.01(c) provides that the State of Texas has jurisdiction to tax tangible
personal property
located in this state for longer than a temporary period, unless exempt by
law.  The determination whether property is located within a taxing unit
depends upon the facts of the case.  City of Dallas v. Overton, 363
S.W.2d 821, 825 (Tex. Civ. App.—Waco 1963, writ ref’d n.r.e.) (holding that the
question of whether or not the property in question is “more or less permanent”
depends upon factual situation in each case); see also Lawson v.
Groves, 487 S.W.2d 439, 442 (Tex. Civ. App.—Beaumont 1972, no writ)
(holding that question of tax situs is factual and dependent on situation in
each case).  The determination of whether property is located within a taxing
unit depends on the status of the property as of January 1 of the following
year.  

In reviewing the record
for evidence as to whether the plane was more or less permanent, the following
evidence supported the trial court’s finding that Starflight’s airplane was
present in Harris County, Texas for more than a temporary period as of January
1, 2006: 

·          
Starflight’s August 22, 2006
letter to HCAD admitted that “the . . .  aircraft was
relocated from Louisiana to Texas after Hurricane Katrina.  As of 01/01/06,
this aircraft was located in Harris County, Texas[,]” and Starflight’s trial
witness testified to the same;

 

·          
Starflight housed its plane at Hobby Airport, in Harris County, Texas after Hurricane Katrina; 

 

·          
After September 1, 2005,
Starflight entered into a non-written agreement with Enterprise Aviation at Houston’s Hobby Airport to house the plane;

 

·          
Starflight’s plane served only the
owners and partners of its Houston affiliates exclusively, and did not charter
to any other parties;

 

·          
Starflight’s owners and affiliate
corporation have had a place of business in Houston since 2002;  

 

·          
Hurricane Katrina destroyed
Starflight’s New Orleans hangar, the hangar was not rebuilt;

 

·          
Starflight’s employees, including
the plane’s pilot, relocated to Houston after Hurricane Katrina;

 

·          
Starflight admitted “[t]he
aircraft was being hangared at Hobby Airport . . . until adequate hangar space
can be built in New Orleans”;

 

·          
Starflight’s flight log, though
never submitted to the ARB, reflected that it was used regularly in Harris County where a majority percentage of the plane’s 2005 flights departed from Houston;

 

·          
Starflight offered no
documentation at trial indicating its business transactions occurring at
offices other than the Houston addresses of its affiliated companies or that it
rendered the plane for tax purposes at any other locale;         

 

·          
Starflight’s New Orleans office
maintained pilot log books, aircraft maintenance records and paperwork; and
after Hurricane Katrina, such documents were maintained at the pilot’s house in
 Texas;

 

·          
As of January 1, 2006, the
airplane remained at Houston’s Hobby Airport as part of a lease agreement
Starflight had executed to store the plane; and

 

·          
Starflight is a corporation
authorized to do business under the laws of the State of Texas.

 

We hold that this
evidence is legally sufficient to support the trial court’s finding that the
airplane was not kept in Harris County, Texas purely on a temporary basis.  Overton,
363 S.W.2d at 826 (holding that where planes received servicing and maintenance
at Addison, remained available there for owner’s business trips, and when such
trips are completed, they are returned to Addison, planes are not “temporarily”
kept at Addison).  

Although relocation to Houston was unplanned, unintended, and unavoidable, the course of events following the
storm overshadowed Starflight’s intention, and the plane’s removal to Houston was something more than temporary.  The Texas Supreme Court has held that a party’s
intentions and preparatory acts are legally insufficient evidence to establish a
plane’s situs for tax purposes in the face of objective facts demonstrating
it.  See Davis v. City of Austin, 632 S.W.2d 331, 334 (Tex. 1982).   

In a factual sufficiency
review, we consider all of the evidence presented on tax situs, including
Rundle’s testimony that Starflight did not intend to house the plane in Harris County permanently. Aside from Rundle’s testimony, however, nothing in the record
shows the plane’s return to Louisiana as of January 1, 2006.  In light of the
other evidence presented, we hold that factually sufficient evidence supports
the trial court’s finding.    

III.    Rendition and Allocation

 

Second, Starflight
complains that the district court erred in holding that Starflight failed to
timely render the property and thus waived its right to an allocation and that
it failed to adjudicate the issue of allocation.  Starflight in particular
appeals the trial court’s conclusions of law pertaining to rendition and
allocation, which state:

7.                
Rendition of the airplane,
including allocation information, if any, was mandatory.

8.                
Under 34 Texas Administrative Code
Ann., Section 9.4033 rendition requires that the owner provide enough
information necessary to prove the entitlement to allocation and to permit the
chief appraiser to apply an allocation formula appropriate to the airplane. For
the year 2006 the rendition must have been provided by April 15, 2006.

9.                
The chief appraiser of HCAD has
the nondiscretionary duty to include the airplane on the 2006 appraisal roll.

10.           
The airplane was not and has not
been rendered by Starflight for the tax year 2006.

11.           
The plaintiff should recover
nothing against the defendants in this case. 




A.  Standard of Review

We review de novo
a trial court’s conclusions of law, and we uphold the judgment if it can be
sustained on any legal theory supported by the evidence.  Holloway-Houston,
Inc. v. Gulf Coast Bank & Trust Co., 224 S.W.3d 353, 357 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (citing BMC Software Belgium, N.V. v. Marchand, 83 S.W.3d 789, 794 (Tex. 2002)); In re Moers, 104 S.W.3d 609,
611 (Tex. App.—Houston [1st Dist.] 2003, no pet.).  An appellant may not
challenge a trial court’s conclusions of law for lack of factual sufficiency,
but we review the legal conclusions drawn from the facts to determine their
correctness.  Holloway-Houston, 224 S.W.3d at 357 (citing BMC
Software, 83 S.W.3d at 794). 

                B.      Analysis

          

Rendition “is the
reporting of taxable property by the owner to the appraiser” and is thus
procedural in nature. Harris County Appraisal Dist. v. Texas Gas
Transmission Corp., 105 S.W.3d 88, 94 (Tex. App.—Houston [1st Dist.] 2003,
pet. denied) (en banc).  Section 22.01(a) of the Tax Code requires that an
owner of tangible personal property used to produce income shall render the
property for taxation on January 1 of the tax year.  See Tex. Tax Code Ann. § 22.01(a)
(Vernon 2008).  The word “shall” in section 22.01(a) is mandatory, not
discretionary.  Texas Gas Transmission Corp., 105 S.W.3d at 91 (citing Robinson
v. Budget Rent-A-Car Sys., Inc., 51 S.W.3d 425, 430–31 (Tex. App.—Houston [1st Dist.] 2001, pet. denied)).   

          A taxpayer must file its
rendition form after January 1 and not later than April 15.  See Tex. Tax Code Ann. § 22.23(a).  Upon
written request by the property owner, the chief appraiser shall extend the
deadline to May 15, and for good cause shown in writing may further extend the
deadline an additional 15 days.  See id. § 22.23(a) and (b).  In an
effort to encourage timely filings, in 2003 the Texas Legislature enacted
section 22.28, which imposes a mandatory penalty of 10 percent of the
property’s final appraised value for late filing of a rendition statement.[3] 
See id. § 22.28(a).             

Starflight first argues
that its failure to render was the result of HCAD’s failure to publicize Harris County’s rendition requirements.  Starflight offers no support from the record for
its contention that HCAD failed to meet its notice requirements under section
22.21 of the Tax Code, and it did not offer any authority for its theory that
such failure is a legal defense or condition precedent to Starflight’s
non-compliance with section 21.01(a).  Tex.
R. App. P. 38.1(h); Tex. Tax Code
Ann. § 22.21(a); Sterner v. Marathon Oil Co., 767 S.W.2d 686,
689–90 (Tex. 1989).  We hold that Starflight waived this issue on appeal.  Tex. R. App. P. 38.1(h).

Starflight next argues
that its August 22, 2006 letter constitutes a rendition statement.  Both
Starflight and HCAD agree that Starflight did not file a rendition statement by
April 15, 2006 under section 22.23(a).  Starflight never requested or received
permission to late file a rendition statement under section 22.23(b).  
Starflight’s only trial witness testified that “I don’t think it’s ever been
rendered . . . .”  The trial court concluded that
Starflight filed no rendition statement for tax year 2006.  We hold that
legally sufficient evidence supports the trial court’s conclusion of law that
Starflight did not timely render the property for the 2006 tax year.

Starflight further
contends that, as to its August 22, 2006 “late filed rendition” letter, the
late filing does not bar it from seeking interstate allocation of the value of
the plane for the time Starflight used it outside Texas.  Even if we assume
that Starflight’s August 22 letter constituted a rendition filing, Starflight
did not submit any allocation information with the letter and did not submit
any allocation information until December 2006.  Tex. Tax Code Ann. §§ 21.01(a) (Vernon 2006), 21.055 (Vernon
2008).

“Allocating” is
determining the ratio of usage of personal property within each taxable situs
when the property has more than one taxable situs.  Texas Gas Transmission
Corp., 105 S.W.3d at 91 n.3.  The owner of an airplane used for business
purposes may seek a reduction in the amount of total taxes owed upon the
airplane by showing that another state or jurisdiction has acquired the right to
tax the same airplane.  Tex. Tax Code
Ann. §§ 21.03, 21.055 (Vernon 2008); Appraisal Rev. Bd. of Galveston
 County v. Tex-Air Helicopters, Inc., 970 S.W.2d 530, 534 (Tex. 1998).  The actual taxes owed in Texas on a business airplane thus will be reduced proportionately
to reflect the amount of use in Texas, and the appraisal office shall allocate
to this state the portion of the total market value of the property to fairly
reflect its use in this state.  See Tex.
Tax Code Ann. §§ 21.03(a), (b)(1), (b)(2); Texas Gas
Transmission Corp., 105 S.W.3d at 91 n.3.   

In Texas Gas we held that a
taxpayer who seeks allocation under the Tax Code must provide information
showing entitlement to allocation at the time of rendition.  Texas
Gas Transmission Corp., 105 S.W.3d at 94 (“[A] taxpayer claiming
entitlement to allocation must provide supporting information when he submits
his rendition form.”); SLW Aviation, Inc. v. Harris County Appraisal Dist.,
105 S.W.3d 99, 102 (Tex. App.—Houston [1st Dist.] 2003, no pet.).  Starflight
argues that allocation is a constitutional entitlement; nevertheless, even a
constitutional entitlement to allocation can be waived when a party fails to
follow the implementing legislation.  Aramco Assoc’d Co. v. Harris County
Appraisal Dist., 33 S.W.3d 361, 364 (Tex. App.—Texarkana 2000, pet.
denied).    

Under Aramco and Texas
Gas, it is not Starflight’s failure to render which waived any interstate allocation.
Instead, it was Starflight’s failure to file any allocation information contemporaneously
with a rendition statement which precluded its argument for allocation in the
trial court.  Texas Gas Transmission Corp., 105 S.W.3d at 94. 
Starflight’s failure to submit allocation information until December 2006 did
not meet its burdens under Texas Gas, Aramco or statutory law to
establish an entitlement to allocation.  Tex.
Tax Code Ann. §§ 21.055, 22.01(a); Tex.
Admin. Code § 9.4033(e); Texas Gas Transmission Corp., 105 S.W.3d
at 93. 

Having failed to meet its
burden, the district court properly found in its conclusions of law that
Starflight did not provide information from which HCAD could have determined
entitlement to allocation and thus failed to prove its entitlement to
allocation.  Aramco, 33 S.W.3d at 364; Texas Gas Transmission Corp.,
105 S.W.3d at 93–94. 

Starflight argues that it
submitted allocation information to HCAD when it filed its appeal of the ARB
order in the trial court and that because the trial court’s review is de novo[4]
the trial court erred in not adjudicating the issue of allocation.  Starflight
contends that “[a]ll parties agree HCAD received sufficient information to
enable it to allocate the Airplane’s use in late December 2006, when Starflight
filed suit in district court.”  But, as the trial court found and as we have discussed,
such submission was not filed with rendition and came too late.  See Tex. Tax
Code Ann. §§ 22.01(a),
21.055; Tex. Admin. Code § 9.4033(e); Texas Gas Transmission Corp., 105 S.W.3d at 93. 
Thus, we hold Starflight waived its right to allocation.  See Texas Gas Transmission, 105 S.W.3d at 93–94; Aramco, 33 S.W.3d at 364.

Conclusion

          Having considered
Starflight’s issues on appeal, we affirm judgment of the trial court. 

 

                                                                   Jane Bland

                                                                   Justice

 

Panel consists of Justices Jennings,
Hanks and Bland.

Justice Jennings, dissenting.

 









[1] Tex.
Tax Code Ann. §§ 22.01 (rendition), 22.23 (filing date) (Vernon 2008).





[2]
HCAD raised this objection during trial, but the
trial court never ruled on it.  Sparks v. Booth, 232 S.W.3d 853, 862–63
(Tex. App.—Dallas 2007, no pet.); Tex.
R. App. P. 33.1(a).  Nevertheless, we may not ignore a lack of
jurisdiction issue.  Kilroy v. Kilroy, 137 S.W.3d 780, 783 (Tex. App.—Houston [1st Dist.] 2004, no pet.).





[3]
Tex. Tax
Code Ann. § 22.28(a) (“[T]he chief appraiser shall impose a penalty on a
person who fails to timely file a rendition statement . . . as required by this
chapter in an amount equal to . . . .”). 





[4]
See Cherokee Water Co. v. Gregg County
Appraisal Dist., 801 S.W.2d 872, 877
(Tex. 1990).